IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRIAN LEE SPORN, | § |
| | § |
| Petitioner, | § |
| | § |
| V. | § NO. 4:25-CV-074-O |
| | § |
| ERIC GUERRERO, DIRECTOR, | § |
| TDCJ-CID, | § |
| | § |
| Respondent. | § |

**OPINION AND ORDER**

Came on for consideration the petition of Brian Lee Sporn under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the motion to abate along with its response and reply, the record, and applicable authorities, concludes that the petition must be **DISMISSED**.

**I.   BACKGROUND**

Petitioner is serving a life sentence of imprisonment following his conviction for indecency with a child under Case No. CR16-0651 in the 43rd Judicial District Court, Parker County, Texas. ECF No. 10-1 at 6.[1] He appealed and the judgment was affirmed. *Sporn v. State*, No. 02-18-00165-CR, 2019 WL 2432153 (Tex. App.—Fort Worth June 6, 2019, no pet.). He did not file a petition for discretionary review. ECF No. 10-1 at 25. The appellate court granted several extensions of time in which to file a motion for rehearing, ultimately ordering that any such motion must be filed no later than November 25, 2019, and that no further extensions would be granted. *Id.* at 27–28. Petitioner never filed a motion for rehearing. On November 26, 2019, the Court of Criminal Appeals of Texas ("CCA") denied Petitioner's motion for extension of time to file a petition for

---

[1] The page number references to the appendix to Respondent's answer are to "Page __ of 56" reflected at the top right portion of the document on the Court's electronic filing system.

discretionary review. *Id.* at 30.

On October 18, 2021, Petitioner filed a motion for forensic DNA testing. ECF No. 10-1 at 40–43. On November 18, 2021, the trial court denied the motion. *Id.* at 45–48. In particular, the trial court found that the method of DNA testing requested by Petitioner existed before the date of testing in his case and was not a newer testing technique. *Id.* at 45.

On February 17, 2024, Petitioner filed his state habeas application. ECF No. 10-1 at 50. On September 25, 2024, the CCA denied the application on the findings of the trial court and on the Court's own independent review. *Id.* at 54–56.

On January 15, 2025, Petitioner filed his federal habeas petition in this case. ECF No. 1 at 15.[2]

## II. GROUNDS OF THE PETITION

Petitioner urges three grounds in support of his petition:

(1) Trial counsel rendered ineffective assistance in failing to challenge four biased veniremembers who served on the jury. ECF No. 1 at 5.

(2) Trial counsel rendered ineffective assistance in failing to challenge the DNA evidence. *Id.* at 7. And,

(3) Petitioner is actually innocent. *Id.* at 8.

## III. LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review
    or the expiration of the time for seeking such review;

---

[2] The page number references to the petition are to "Page __ of 17" reflected at the top right portion of the document on the Court's electronic filing system.

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re*

3

*Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Ineffective assistance is irrelevant to the determination of a right to equitable tolling because a prisoner has no right to counsel during post-conviction proceedings. *Petty*, 530 F.3d at 366. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his motion. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.*. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

IV.     ANALYSIS

Petitioner's conviction became final November 25, 2019, when the time for filing a motion for rehearing expired. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). Petitioner did not timely file a state application for writ of habeas corpus. (Neither his motion for DNA testing nor his state habeas application operated to toll limitations because they were not filed until after limitations expired. *Scott*, 227 F.3d at 263.) Accordingly, Petitioner had until November 25, 2020, in which to file his federal habeas petition. He did not file the petition until January 2025, more than four years later.

Petitioner has not shown that he is entitled to equitable tolling for any reason.[3] His allegations regarding the timeliness of the petition, ECF No. 1 at 13–14, are largely conclusory. He fails to explain what he means by allegations like "[t]he appeal took a year to be final." *Id.* at 13. He continues with "and then I have been fighting with the courts to get my one free copy of the court transcript." *Id.* He does not state when he first requested the record or how, but it appears that he did not make the request until after the year it took for the "appeal [] to be final." In any event, a defendant is not entitled to a free copy of the transcript or record to search for possible trial defects merely because he is indigent. *United States v. MacCollom*, 426 U.S. 317, 322–23 (1976); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975). His alleged failure to have the record did not prevent him from timely filing his petition. The facts underlying his grounds of ineffective assistance were known to him at the time of trial. Likewise, Petitioner admits that the "DNA inconsistencies" were known to him at the time of trial since "the State had to apologize to

---

[3] The Court notes that Petitioner did not file a reply even though Respondent relies on limitations as a defense.

the jury . . . ." ECF No. 1 at 8. *See Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998) (failure to discover the significance of operative facts does not constitute cause).

As Respondent notes, Petitioner's third ground—that he is actually innocent—is not an independent ground for relief.[4] *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Lucas v. Johnson*, 132 F.3d 1069, 1075–76 (5th Cir. 1998). Even if such a ground could be a basis for relief, such relief could only be granted if there was no available state procedure for making such a claim. *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). Texas has such a procedure. *Id.*

## V.     OTHER MOTIONS

After briefing was complete, Petitioner filed two motions asking the Court to set the case for evidentiary hearing on the ground that he had discovered new evidence to support a new claim that the state trial judge had a conflict of interest. ECF Nos. 17 & 18. He has now also filed a motion for abeyance so that he can return to state court to exhaust his alleged new claim(s). ECF No. 22. The request for abeyance does not concern an issue raised in this case; therefore, no purpose would be served by granting a stay.

Even if the issue had been raised here and was unexhausted, a stay would not be proper. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) (stay is only proper if petitioner shows good cause for failure to exhaust, the unexhausted claim is not meritless, and the petitioner has not engaged in intentional delay). The Court must make the findings to support a stay. *Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008). Here, the Court cannot do so, in particular because it cannot find that the new claim is not meritless. The matter of representation of a party

---

[4] Actual innocence is not a gateway to overcome limitations in this case, since Petitioner has not presented any new reliable evidence that was not presented at trial. *Schlup*, 513 U.S. at 324. At best, Petitioner hopes to obtain such evidence.

to a lawsuit is public information that could have been obtained long ago. Indeed, the document Petitioner has now provided is public information that reflects that the earlier divorce of his ex-wife occurred in 2009. ECF No. 26 at 5. That Petitioner did not learn of it until recently does not make it "newly discovered." In any event, Petitioner has never explained why this information would have had any impact of constitutional magnitude on his criminal trial.[5] It does not appear that Petitioner has heretofore ever alleged bias or prejudice on the part of the trial judge.[6] He does not cite to any part of the record that would support such a claim.

## VI.   CONCLUSION

For the reasons discussed herein, the petition is **DISMISSED**.

The motions for stay and abeyance are **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **12th day** of **March, 2026**.

_Reed O'Connor_
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[5] It appears that Petitioner suffers from a misunderstanding of the term "conflict of interest." *See Cuyler v. Sullivan*, 446 U.S. 335 (1980) (describing attorney-client conflict of interest); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) (describing circumstances where judicial recusal is required).

[6] Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).